Case 8:15-cr-00017-GJH   Document 130   Filed 08/09/18   Page 1 of 16

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT COURTHOUSE

AUG - 9 2018

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                                                DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                *Plaintiff*,<br>v.<br><br>GREGORY COOPER,<br>                *Defendant*. | Case No. 8:15-CR-0017-GJH<br>USM Number: 58571-037<br><u>Before Judge George J. Hazel</u><br><br>**MOTION FOR EARLY<br>TERMINATION OF<br>SUPERVISED RELEASE** |

**NOW COMES** GREGORY COOPER, motioning this Court *in propria persona* (*pro se*) to terminate the imposed term of supervised release, reducing such to a "time already served" duration. This request is made pursuant to title 18 United States Code §3583(e) and Federal Rules of Criminal Procedure 32.1(c). Under the same rule of criminal procedure, no hearing is requested in this matter.

This document complies with Local Rule 102(2), and what follows is a concise memorandum of case history, points of authority, policy and argument to justify the request sought herein. It is written in double-spaced, 13-point Book Antiqua serif font. Proof of service accompanies this document; Rule 102(1)(c).

Motion: <u>Granted</u>

*/s/ George Jarrod Hazel*
George Jarrod Hazel
United States District Judge

5/17/2019

Page 1

1. On November 5, 2015 I was sentenced to 15 months in prison after pleading guilty to one count of Bribery, a violation of 18 U.S.C. §302(b)(2)(A). Dkt. Ent. 67. I was sentenced to 3 years of supervised release after my release from Bureau of Prisons (BOP) custody, with mandatory and standard conditions of release, and the additional conditions that I:

   - Participate in substance abuse treatment (completed);
   - Provide full financial disclosure to the USPO (compliant);
   - Refrain from opening new credit lines without the prior approval of my probation officer (compliant); and,
   - Pay off my $100 special assessment (completed).

2. I was released from custody of the BOP to the jurisdiction of the United States Probation Office on February 3, 2017. I have now completed 18 months out of the 36 originally ordered. I make this request after learning that it is my right to file a request for early termination and that I have been in compliance ever since release.

3. **Jurisdiction**: This Court had and maintains jurisdiction of this case from pretrial, and now during my supervision phase.

4. **Authority**: This Court is granted the authority to terminate a term of supervised release by 18 U.S.C. §3583(e)(1) which, after considering specific sentencing factors from §3553(a), allows a district court judge to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure ... if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

5. Paraphrased, the §3553(a) factors that are to be considered for an early termination request are:
    - §§(a)(1): The nature and circumstances of the offense;
    - §§(a)(2)(B): To afford deterrence to criminal conduct;
    - §§(a)(2)(C): To protect the public from future crimes;
    - §§(a)(2)(D): To provide education and job training, provide medical care or other correctional treatment;
    - §§(a)(4): The kinds of sentences available in the guidelines;
    - §§(a)(5): In line with relevant policy;
    - §§(a)(6): Avoiding unwarranted differences in sentence between

similar defendants with similar conduct;

- §§(a)(7): To provide restitution to any victims.

6. The applicable Federal Rule of Criminal Procedure is 32.1(c), which allows for modifications of supervised release. This rule requires a hearing unless the relief sought is favorable to the defendant and that an Assistant United States Attorney has received notice of the relief sought and is given reasonable opportunity to object (Fed R. Crim P (2)(B) & (C)).

7. Committee notes to this procedural rule don't spend much time on termination requests, but bring up a defendant's right to present mitigating information when a modification request would be of greater restriction to the defendant. In this case, I both waive the hearing, and request that a decision in this matter be made without such a hearing once the government is given an opportunity to proffer a written objection if it chooses to do so.

8. **Controlling Precedent**: "[A] district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early


termination." *United States v. Pregent*, 190 F.3rd, 279, 283 (4th Cir. 1999). When making a determination of this factor, "[A]t least six circuits have interpreted § 3583(e)(1) as requiring the district court to consider the specified § 3553(a) factors, as well as the fact that the Government has not challenged this interpretation, strongly indicates this interpretation is correct." *United States v. Mathis-Gardner*, No. 14-3031 (D.C. Cir. 2015). See also *Freeman v. United States*, 131 S.Ct. 2685, 2691 (2011)

9. "The Supreme Court has described supervised release as "the decompression stage" between prison and full release." *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015) (Quoting *Johnson v. United States*, 529 U.S. 694, 709 (2000)). As will be seen below, this decompression stage, and the further need for supervision, no longer applies in my case.

10. **Policy**: The relevant section of the Sentencing Guidelines Manual can be found in §5D1.2. The policy here made a sharp change in 2011 when the amendments to the manual that year specifically changed this section to encourage early termination in appropriate cases, rather than in cases which show "unforeseen circumstances" or "exceptional behavior".

11. These two phrases are used a lot to dissuade district courts from granting early termination requests where defendants have demonstrated no further need for supervision. They come from an opinion from the Second Circuit in *United States v. Lussier,* 104 F.3d 32 (2nd Cir. 1997), and since the 2011 changes to the guidelines manual, policy has shifted away from this arbitrary and high bar.

12. "The guidelines encourage . . . [courts] to exercise this authority in appropriate cases, particularly noting that a court may impose a longer term of supervised release on a defendant with a drug, alcohol or other addiction, but may then terminate the supervised release term early when a defendant successfully completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant."[1] U.S.S.G. §5D1.2 cmt. n. 5 (Internal quotations omitted).

13. Probationary policy in regards to recommending early termination in supervised release cases comes from Monograph 109[2]. In tandem with the

---

1  From "Primer: Supervised Release" (Office of General Counsel, United States Sentencing Commission; 2015). Available at: https://www.ussc.gov/sites/default/files/pdf/training/primers/2015_Primer_Supervised_Release.pdf
2  Guide to Judiciary Policy, Volume 8, Part E: Supervision of Federal Offenders (Monograph 109)

Sentencing Guidelines Manual notes in §5D1.2, Probation Monograph 109 informs probation officers that they "**should consider the suitability of early termination for offenders as soon as they are statutorily eligible.**"

14. When making this determination, the 9 general criteria for making a recommendation to the court for early termination are found in section §380.10(b):

> (1) *Stable community reintegration;*
> (2) *Progressive strides toward supervision objectives and in compliance with all conditions of supervision;*
> (3) *No aggravated role in the offense of conviction, particularly large drug or fraud offenses;*
> (4) *No history of violence;*
> (5) *No recent arrests or convictions;*
> (6) *No recent evidence of alcohol or drug abuse;*
> (7) *No recent psychiatric episodes;*
> (8) *No identifiable risk to the safety of any identifiable victim; and,*
> (9) *No identifiable risk to public safety based on the Risk Prediction Index."*

15. Later in that same section it states that the existence of outstanding financial obligations *per se* does not adversely affect early termination

eligibility (§§c), and failure to meet criteria listed should not automatically exclude an offender from further consideration (§§d), and there is <u>a presumption in favor of recommending early termination</u> for probationers and supervised releasees who have been supervised for at least 18 months and are not violent, drug, sex offenders, terrorists, present a risk to public or victims, and are free from any moderate or higher violations.

16. **Argument:** Of all the sentencing factors from §3553(a) that are considered at original judgment, one is conspicuously missing from the list in §3583(e)(1): "the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."[3] That means that supervised release is not part of the punishment phase of a judgment, but serves other intentions of sentencing. This is evinced by the clarity given by the sentencing commission in §5D1.2, citing rehabilitation completion as a valid reason for terminating a term of supervision early.

17. The Supreme Court clarified this in <u>Johnson V. United States,</u> 529 U.S. 694, 709 (2000), when supervised release was described as the "decompression stage" of a judgment. See also <u>United States v. Kappes,</u> 782 F.3d 828 (7th Cir.

---
3   18 U.S.C. §3553(a)(2)(A)

Page 8

2015). If, then, the transition or decompression from incarceration, and there are no other goals of supervision (or special conditions of supervision) left to achieve, then the purpose of supervision has been exhausted and early termination is warranted. The interests of justice are served, by statutory definition and precedent, by early release in these situation.

18. Regarding §3553(a)(2)(B) & (C), I am of low risk to re-offend. Not only am I committed to a life free of criminal conduct, prosecution, and incarceration, but there are statistics beyond the USPO risk-assessment tool that points to this conclusion. Beyond criminal history categories, criminal-history points themselves are an excellent indicator of the risk of recidivism and re-arrest. A 2017 study published by the Sentencing Commission concludes, specifically, offenders with zero criminal history points and no prior contact with the criminal justice system, "there is an 11.7 percentage point difference [lower] in rearrest rates..." compared to a zero-point offender with prior contact with criminal justice Zero-point offenders show a much lower re-conviction rate (17.4%), almost 4x less likely than an offender with 15+ points (66.2%)[4] I was sentenced with zero

---

4  *The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders* ; United States Sentencing

Case 8:15-cr-00017-GJH   Document 134   Filed 05/17/19   Page 10 of 16
Case 8:15-cr-00017-GJH   Document 130   Filed 08/09/18   Page 10 of 16

Criminal History Points and a Criminal History Category of I, placing me in the category of offenders who have the lowest risk of recidivism.

19. Second, the effect of early termination, as requested in this motion, reduces my likelihood to recidivate. A recent recidivism study by the AOUSC-OPPS examined a cohort of offenders whose supervision terms expired or were terminated early in fiscal year 2005. The study found that during the 36-month follow-up period, "offenders granted early termination do not pose a greater safety risk to the community" than offenders who successfully served the entire supervised release term imposed by the sentencing court. "In fact, early-term offenders in this study presented a lower risk of recidivism than their full-term counterparts. Not only were early-term offenders charged with a new criminal offense at a lower rate than full-term offenders, they were charged with proportionally fewer felonies..."[5]

20. Finally the Sentencing Commission and released in a 2016 report shows that, in terms of the age of released offenders, I am in the lowest likelihood

---

Commission, 2017, available at [http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20170309_Recidivism-CH.pdf]

5   See James L. Johnson, *Are Early Terminated Offenders a Greater Risk to the Community? NEWS AND VIEWS*, Vol. XXXV, No. 2, at 1 (Jan 18, 2010). Published by AOUSC-OPPS

Page 10

of any offender category or of *any* metric to return to prison. Offenders over 60 at sentencing are shown to have a reincarceration rate of 5.7%, and offenders over 60 at the time of their release are marginally higher at 6.6%. Numerous studies show that age is one of the most reliable predictors of recidivism rates. Nationally, prisoners between the ages of 18 and 29 experience a recidivism rate of over 50%, while those 55 or older experience a rate of only 2%."[6] At 62 years old, I am the lowest threat to society of any released offender.[7]

21. I am gainfully employed as an vehicle transport driver for U.S. Upfitters, transporting vehicles to and from locations within Maryland and sometimes Virginia (with USPO permission each time). The only time my supervising officer has necessitated that I notify work I do with U.S. Upfitters is when I need to go onto a military base, as the gate guards will run my name in several databases. I've had multiple employers since my release, one of which actually had strict security clearance guidelines which I was granted; a source of pride given my conviction.

---

[6] U.S. Department of Justice Bureau of Justice Statistics, Trends in State Parole, 1999 – 2000.
[7] Recidivism Among Federal Offenders: A Comprehensive Overview, Appendix A-3. (United States Sentencing Commission, 2016). Available at: *http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf*

Page 11

22. I have no educational or vocational needs that probation could help with. I also do not have any medical or housing concerns that would make further supervision necessary. Thus, §3553(a)(2)(D) weighs in favor of this request.

23. As a Class C/D felony, 3 years is the maximum term of supervision available to ensure compliance and recidivism reduction. The Sentencing Commission is clear in it's recommendation toward maximal terms of supervision with the option of early release for former offenders who don't need the entirety of their supervision term. Since I've completed more than one year (in fact, 1.5 years) and am under the three year maximum, I fall squarely within the applicable ranges set by statute and policy. These ranges are reflected in policy in U.S.S.G. 5D1.2(a)(2). Thus §3553(a)(4) & (5) weigh in my favor.

24. To stay in line with sentencing decisions in similar cases with similar defendants, §3553(a)(6) addresses the need to avoid unwarranted disparities between cases with such similarities. In regards to my request here, other cases where early termination requests have been granted are

of particular applicable. See <u>United States v. Folan,</u> No. 9:15-TP-80032-DMM-1 (FLSD, 2017 release) where defendant Folan was terminated after serving half of his 5 year term of supervision for his conviction of Mail and Wire Fraud. While Folan's case is not a directly equatable white-collar crime, it is in a similar financial genre.

25. See also <u>United States v. Abbate,</u> No. 3:16-CR-0201-1 (TNMD, 2017 release) where, similarly, defendant Abbate was convicted on one count of Theft Concerning Programs Receiving Federal Funds, was sentenced to 3 years of supervision, and was discharged after serving half of that term of supervision with an outstanding restitution balance of over $6MM. These two cases together weigh §§(a)(6) in my favor.

26. A look at the Monograph 109 test for the USPO to consider recommendations on requests for early termination of supervised release addresses many of the same issues from §3553, but from a more integration related standpoint.

27. Insofar as my probation officers are concerned, I have spoken to both of

them concerning my interest in requesting early termination of supervised release. Neither officer has expressed any objections to my intentions once I reached my 18-month point. Thus, I am filing this now, *pro se*.

28. I pose no risk of danger to any victims in my case and I am of no risk to public safety, although probation's Risk Prediction Index is not at my disposal to comment on this particular scoring method.

29. There is a separate reason, rather than a simple desire to be done with this case, that I am pursuing this request. First is that supervision is now, instead of being helpful to my full integration into free society, is holding me back. Supervision, in and of itself, now prevents me from moving forward with work. In the beginning of my supervision, I was able to work as a driver for the airport here. However, federal policy changed within the Maryland Aviation Administration and my security clearance was removed because of my supervision. I would have better paying and more secure work if I were off of supervision. I have lost two separate jobs because of this policy change.

## CONCLUSION

Considering the cost of supervision, and based upon the reasons and factors discussed in this motion, I respectfully request that this Court terminate the remainder of my term of supervised release.

Respectfully submitted on this \_\_7\_\_ day of \_\_August\_\_, 2018.

/s/ _____
GREGORY COOPER
*Pro Se* Defendant, Movant

CERTIFICATE OF SERVICE
FOR PRO SE DOCUMENTS

AUG - 9 2018
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

I, GREGORY COOPER, do hereby certify that I have served a true and correct copy of the following document,

**MOTION TO TERMINATE DEFENDANT'S SUPERVISED RELEASE TERM**

upon the court and the office of the United States Attorney:

**Mark John Cipolletti**
United States Department of Justice
Criminal Division, Public Integrity Section
1400 New York Ave NW
Suite 12100
Washington, DC 20530

**Clerk of the U.S. District Court**
District of Maryland - Greenbelt
6500 Cherrywood Lane
Greenbelt, MD 20770

by placing it in a sealed, postage prepaid envelope by United States Postal Mail

on the ___7___ day of ___August___, 2018.

GREGORY COOPER
*Pro Se* Movant